UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGG VIGLIOTTI,

                Plaintiff,

-against-

LITTLE MUMBAI MARKET INC.,

                Defendant.

**MEMORANDUM
OPINION AND ORDER**

24-CV-01602 (PMH)

PHILIP M. HALPERN, United States District Judge:

Gregg Vigliotti ("Plaintiff") filed his Complaint on March 1, 2024 alleging one claim of direct copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*, against Little Mumbai Market Inc. ("Defendant") for unauthorized use of a photograph ("Work"). (Doc. 1, "Compl.").

Plaintiff served Defendant with a copy of the Summons and Complaint on March 11, 2024 via the office of the Secretary of State of the State of New York (Doc. 7), secured a Certificate of Default on April 12, 2024 (Doc. 10), and on June 14, 2024, Plaintiff moved for a default judgment, damages, costs, and attorneys' fees against Defendant by way of an order to show cause, in accordance with this Court's Individual Practices. (*See* Doc. 12—Doc. 15). The Court, on June 17, 2024, issued an Order to Show Cause directing Defendant to explain by July 29, 2024, "why an order for default judgment should not be issued. . . ." (Doc. 16). Plaintiff served the Order to Show Cause and supporting papers on Defendant on June 18, 2024. (Doc. 17).

As of the date of this Order, Defendant has neither appeared nor responded to any filing in this action.

For the reasons set forth below, Plaintiff's motion is GRANTED.

**BACKGROUND**

Plaintiff alleges that he first published the Work, reproduced below, in 2013:



(Compl. ¶ 15, Ex. 1). Plaintiff registered the Work with the United States Copyright Office under Registration Number VA 2-094-570 on March 2, 2018. (*Id*. ¶ 17). Despite the fact that Defendant never secured a license to use the Work, Plaintiff observed and discovered the unauthorized use of the Work on April 11, 2022. (*Id*. ¶¶ 26, 30). Plaintiff alleges that Defendant displayed the Photograph on its Facebook account as early as May 7, 2015 and on its website on or about June 2021 (*Id*. ¶¶ 23, 27, Ex. 2).

On February 28, 2023, Plaintiff's counsel sent a letter to Defendant notifying it of its infringing activity. (*Id*. ¶ 46). Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Plaintiff received no response, Defendant continued to infringe on the Work, and Plaintiff initiated the instant action. (*Id*. ¶¶ 47-48).

**STANDARD OF REVIEW**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's counsel complied with Rule 55(a) and Local Civil Rule 55.1, and the Clerk of Court accordingly issued a Certificate of Default against Defendant. (Doc. 10). Given Defendant's abandonment of its defense of this case and resulting default, the Court accepts the well-pled factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). However, the "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp.*, 653 F.2d at 65. In a similar fashion, the Court does not accept blindly the allegations concerning damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). While an evidentiary hearing under Rule 55(b)(2) is not required, a plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

**ANALYSIS**

I.   Infringement Liability

Plaintiff's only claim for relief is for violation of the Copyright Act. "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (quoting

*Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003)). Plaintiff meets these elements here. As to the first element, Plaintiff alleged that it registered the Work with the United States Copyright Office. (Compl. ¶¶ 17, 52). As regards the second element, Plaintiff alleged that it never granted Defendant a license to use the Work, but Defendant used the Work on its Facebook account[1] and website to promote its business. (*See id*. ¶¶ 22-31, 53-54, Ex. 2).

On these facts and this evidence, Plaintiff stated adequately its claim against Defendant for copyright infringement under the Copyright Act.

II.   Infringement Damages

Under the Copyright Act, "an infringer is liable for either" actual damages and profits or statutory damages. 17 U.S.C. §§ 504(a)(1)-(2). The first category consists of "the actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). The second category, statutory damages, exists in two forms. In its general form, a plaintiff may recover "with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In its second form, if "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Here, Plaintiff seeks an award of statutory damages. (*See* Doc. 14).

"Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered." *Mantel v. Smash.com Inc.*, No. 19-CV-06113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (internal quotation marks omitted). As such,

---

[1] The Court notes that the Facebook post was published prior to the registration of the Work with the Copyright Office, but the Work was published on Defendant's website on or about June 2021, after registration of the Work. (Compl. ¶¶ 17, 23, 27, Ex. 2).

4

"it is common for courts to tether their assessments of statutory damages to the . . . loss of the fair market value of the license fees . . . ." *McGlynn v. Cube New York Inc.*, No. 20-CV-04546, 2021 WL 1338955, at *3 (S.D.N.Y. Apr. 9, 2021) (internal quotation marks omitted); *see also Cuffaro v. Fashionisto LLC*, No. 19-CV-07265, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020) ("A plaintiff seeking actual damages . . . must show . . . a fair market value, not merely what the copyright owner would have charged." (internal quotation marks omitted)), *adopted by* 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020). Plaintiff provides a Getty Images license estimate premised on the most closely comparable images to Plaintiff's Work. (Doc. 13 ¶ 13, Ex. 5). Based on this information, it is reasonable to believe that the Work would have a license value of $1,985.00 USD on the commercial market. *See Ozuzu v. Function(x), Inc.*, No. 18-CV-06799, 2020 WL 4926247, at *1 (S.D.N.Y. Aug. 21, 2020).

"[A] statutory damages award should significantly exceed the amount of unpaid license fees, so as to put infringers on notice that it costs less to obey the copyright laws than to violate them." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 198 (S.D.N.Y. 2016) (internal quotation marks omitted). In this scenario, "[c]opyright infringement is deemed willful by virtue of a defendant's default." *Cube New York Inc.*, 2021 WL 1338955, at *3 (internal quotation marks omitted). Accordingly, the Court has discretion to award statutory damages in this case up to and including $150,000. 17 U.S.C. § 504(c)(2). In determining this number, the Court must consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). "Because [Defendant] has not appeared in this action, the Court has no way to evaluate several of these factors." *See Adlife*

*Mktg. & Commc'ns Co. v. Sander Bros. of New York, Inc.*, No. 19-CV-00886, 2021 WL 1558400, at *4 (W.D.N.Y. Apr. 21, 2021). The Court accordingly "draw[s] every reasonable inference on these points against" Defendant. *See Ward v. Innosub USA*, No. 19-CV-11100, 2021 WL 1516055, at *4 (S.D.N.Y. Mar. 15, 2021) (internal quotation marks omitted). "In determining by how much a statutory award should exceed a plaintiff's regular licensing fee, courts in this circuit typically apply a multiplier between three and five." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-05721, 2019 WL 312149, at *8 (E.D.N.Y. Jan. 3, 2019), *adopted by* 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

On balance, considering Defendant's willful infringement alongside its refusal to respond to Plaintiff's correspondence or participate in this action in any way—and the need to deter future infringement—the Court concludes that a multiplier of five times the fair market value is appropriate here. *See Barcroft Media, Ltd. v. Fashion In Me Inc.*, No. 16-CV-07574, 2018 WL 4565889, at *4 (S.D.N.Y. June 5, 2018), *adopted by* 2018 WL 4568727 (S.D.N.Y. July 25, 2018). As such, the Court concludes that the statutory damages due to Plaintiff are five times the fair market value: $9,925.00.

III.   Attorneys' Fees and Costs

The Copyright Act states that the Court "in its discretion may allow the recovery of full costs," which includes reasonable attorneys' fees. 17 U.S.C. § 505. Here, Plaintiff seeks: (1) 2.60 hours of attorney time at a rate of $400.00 per hour for Larita Yusuf, an associate of the firm; (2) 1 hour of paralegal time at a rate of $150 per hour; (3) a $405 filing fee; and (4) a cost of $55 for service of process fees. (Doc. 13 ¶¶ 14-16, 23-27). In order to decide whether to award attorneys' fees under the Copyright Act, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or

defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144. On consideration of these issues, "[t]he Court determines that it is appropriate here to award attorney's fees and costs to compensate Plaintiff for the amounts it incurred in obtaining judgment by default." *See Johnson v. Classic Material NY, LLC*, No. 19-CV-10529, 2021 WL 1164089, at *5 (S.D.N.Y. Mar. 25, 2021).

The starting point in determining attorneys' fee awards is calculation of the "lodestar" by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation because the lodestar method creates a presumptively reasonable fee. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 188-90 (2d Cir. 2008); *Craine v. Beyond the W, LLC*, No. 19-CV-02259, 2021 WL 930255, at *3 (E.D.N.Y. Mar. 11, 2021). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay . . . ." *Arbor Hill*, 522 F.3d at 184. Reference to market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" can assist the court in determining the reasonable hourly rate to be applied. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *see also Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-CV-01526, 2020 WL 2848232, at *7 (S.D.N.Y. June 1, 2020) (noting that courts in copyright cases consider reasonable rates of $400 to $750 an hour for partners, $200 to $450 for associates, and $150 to $200 for paralegals); *cf. Schwartz v. United States Drug Enf't Admin.*, No. 13-CV-05004, 2019 WL 1299192, at *9 (E.D.N.Y. Mar. 1, 2019), *adopted by* 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019).

As for the amount of attorney time spent reasonably in prosecuting a case, "the court looks to its own familiarity with the case and . . . its experience generally as well as to the evidentiary submission and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)

7

(internal quotation marks omitted). To establish entitlement to fees, a plaintiff must submit documentation including "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)).

A review of the attorney declaration and itemized billing set forth therein submitted by Plaintiff, in light of the Court's familiarity with this case, leads the Court to conclude that the rates charged are reasonable for work of this sort in the Southern District of New York, that the number of hours expended is reasonable, and that the bottom line is reasonable. The Court thus finds that all relevant factors support an award of attorneys' fees in the requested amount of $1,190.00.

Turning to the question of costs, Plaintiff seeks reimbursement of a $405 filing fee and $55 for service of process fees. (Doc. 13 ¶ 16, Ex. 3). The Court takes judicial notice of the filing fee in this district as verified by the docket. The Court further finds, based on Plaintiff's documentation of service costs on Defendant, that those costs are reasonable (*id.*, Ex. 3). *See Ward*, 2021 WL 1516055, at *6.

The Court accordingly awards costs in the amount of $460.

IV. <u>Post-Judgment Interest</u>

Finally, Plaintiff seeks post-judgment interest. That application is granted. Post-judgment interest shall be calculated from the date of entry of Judgment by the Clerk of the Court in accordance with 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a default judgment is GRANTED. Specifically, the motion is granted to the extent Plaintiff is awarded: (1) statutory damages in the amount of $9,925.00; (2) reasonable attorneys' fees in the amount of $1,190.00; (3) costs in the amount of $460.00; and (4) post-judgment interest as calculated under 28 U.S.C. § 1961.

The Clerk of the Court is respectfully directed to enter Judgment in favor of Plaintiff in accordance with the terms of this Memorandum Opinion and Order and close this case.

                                      **SO ORDERED:**

Dated:   White Plains, New York
            August 26, 2024

                                      PHILIP M. HALPERN
                                      United States District Judge